IN THE MATTER OF WILLIAM J. FAGAN, AN ATTORNEY AT LAW OF NEW JERSEY, RESPONDENT.

Argued March 3, 1964—Decided June 22, 1964.

*Mr. Cuddie E. Davidson, Jr.* argued the cause for the Union County Ethics Committee and for the order.

*Mr. William J. Fagan* argued *pro se* in opposition to the order.

PER CURIAM. The Union County Ethics Committee reported to us a misappropriation of funds in the amount of $1,680.96 by respondent in violation of *Canon* 11. On January 21, 1964 we issued an order to show cause why respondent should not be disbarred or otherwise disciplined returnable on February 18, 1964.

On July 26, 1961 respondent, representing the first mortgagee, closed title to certain property. At the time of the closing there were several liens outstanding on the property which were to be satisfied from the proceeds of the sale. Respondent, who searched the title to the property in question, accepted $18,500, the proceeds from the sale, and undertook, with the vendors' approval, to satisfy the outstanding liens. Respond-

ent deposited the $18,500 in a personal account which, according to respondent, was the only bank account he had at the time, and placed the money there because "This was the only transaction that I was going to be engaged in, and I thought I would disburse the funds out of there and close out this one deal and that would be the end of it." Respondent satisfied all outstanding liens on the property except one, a second mortgage in the amount of $1,680.96. Respondent never attempted to satisfy this lien but disbursed the $1,680.96 for his personal needs.

Respondent, although admitting he violated his trust, presented a number of alleged mitigating factors to help explain his misconduct. He claimed he intended to pay off the mortgage with moneys he was going to obtain through a personal loan and, moreover, he believed that as he was entitled to part of the $18,500 as a fee for handling the transaction, he took part of the $1,680.96 in payment of his fees. He claimed he was emotionally disturbed because he had made errors in handling the mortgage transaction, he had a child ill with a serious heart condition, he was about to become separated from his wife, he had been drinking rather heavily and, finally, at the time of the misappropriation he had no office. Thus respondent urges:

"* * * all these circumstances were such that I was not able to practice my profession as I normally would have, and the problems, the emotional problems, far outweighed my giving legal thinking to the matter that I had been handling in connection with this hearing."

We are not impressed by his pleas especially as he has not as yet repaid any of the trust funds.

On the return day of the order to show cause, respondent requested an adjournment in order to file a brief. The adjournment was granted to March 3, 1964 by which date no brief had been filed by respondent. Argument was had, nevertheless. Respondent then requested an opportunity to examine his bank records in order to try to explain the disbursements of the $1,680.96 and to show any payments, including

counsel fee credits, to the proper persons. Although given the opportunity, respondent did not do so by April 15, 1964, at which time we suspended him from the practice of law. He has yet to file an explanation.

██ Misappropriation is a most serious offense, *In re Gavel,* 22 *N. J.* 248, 264 (1956), which cannot be lightly dealt with even if strong and appealing factors (including restitution) in mitigation exist and here none exists. *Cf. In re Dolan,* 38 *N. J.* 119 (1962). We therefore conclude that respondent should be disbarred.

It is so ordered.

*For disbarment*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*Opposed*—None.